# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**
BANKRUPTCY JUDGE

**TELEPHONE (605) 224-0560**
FAX (605) 224-9020

August 31, 2005

Clair R. Gerry, Esq.
Laura L. Kulm Ask, Esq.
Counsel for Plaintiff-Debtor
Post Office Box 966
Sioux Falls, South Dakota  57101

Stephanie Bengford,
Assistant United States Attorney
Counsel for Defendant Department of Interior
Post Office Box 5073
Sioux Falls, South Dakota  57117

      Subject: *Si Tanka University v. United States Department of Interior (In re Si Tanka University)*,
Adversary No. 05-3006; Ch. 11, Bankr. No. 05-30027

Dear Counsel:

    I have reviewed the pleadings regarding Plaintiff-Debtor's Motion to Amend Complaint for Declaratory Relief. An order will be entered granting Plaintiff-Debtor's Motion to Amend. The order, however, will be without prejudice to subsequent resolution of the jurisdiction issues raised in Defendant-Department of Interior's response to the Motion to Amend.

    *Procedurally*, the better course is to allow Plaintiff-Debtor to amend its complaint. I do not want to expend time now justifying a denial of the Motion to Amend based on jurisdictional problems, though that certainly would be an available avenue. *See ARE Sikeston L.P. v. Weslock National, Inc.*, 120 F.3d 820, 832 (8th Cir. 1997)(leave to amend need not be given when amendment would be futile)(cite therein). Instead, Plaintiff-Debtor may file its amended complaint and the Department of Interior may then move to dismiss (prior to answering the amended complaint), raising the same jurisdictional problems outlined in the Department's response to Plaintiff-Debtor's Motion to Amend. The Department need not file another brief in support of its motion to dismiss; it may just incorporate by reference the law and arguments set forth in its earlier response to the Motion to Amend. While I cannot conceive that either party will have any grounds on which to appeal the Court's ruling on the jurisdictional issues, any such appeal is better taken from an order regarding a dismissal motion. Further, Plaintiff-Debtor needs to respond to the jurisdictional law and

In re Si Tonka University
Augsut 31, 2005
Page 2

arguments set forth by the Department and that response is better made through a response to a dismissal motion by the Department.

*Substantively*, it appears Plaintiff-Debtor has significant problems with this adversary proceeding. For what value it may have to the litigants, the Court preliminarily advises Plaintiff-Debtor that it does not appear that this Court will have jurisdiction. The Department's well-written response to Plaintiff-Debtor's Motion to Amend is sound. There are two facts at the forefront that Plaintiff-Debtor may be unable to overcome.

First, as to the 2004-2005 school year funds, an administrative ruling was made, and Plaintiff-Debtor did not timely appeal that ruling. Thus, it appears this Court would be collaterally estopped from re-litigating that issue.

> For the purposes of collateral estoppel, a judgment must simply be "sufficiently firm to be accorded conclusive effect." RESTATEMENT (SECOND) OF JUDGMENTS at § 13. This may mean "'little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.' " [*John Morrell v. Local Union 304A*, 913 F.2d 544, 563(8th Cir.1990)](quoting *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir.1961), cert. denied,368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962)).

*Siemer v. Nangle (In re Nangle)*, 274 F.3d 481, 485 (8th Cir. 2001).

Second, as to the 2005-2006 school year funds, Plaintiff-Debtor apparently has not applied for them. Why and how this Court should step in to make a ruling as to Debtor's eligibility for the 2005-2006 school year is wholly indiscernible based on the present law and facts.

An order granting Plaintiff-Debtor's Motion to Amend will be entered. A final jurisdictional ruling will be made after the Department moves to dismiss and Debtor files its response.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

AUG 3 1 2005

Charles L. Nall, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

INH:sh

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

CC: adversary file (docket original and serve parties in interest)

Stephanie C. Bengford
Assistant U.S. Attorney
PO Box 3303
Sioux Falls, SD 57101-3303

Clair R. Gerry
PO Box 966
Sioux Falls, SD 57101-0966

Laura L Kulm Ask
Stuart, Gerry & Schlimgen, Prof LLC
PO Box 966
Sioux Falls, SD 57101-0966

Si Tanka University
PO Box 220
Eagle Butte, SD 57625

United States Department of the Interior
Bureau of Indian Affairs
Attn: Edward F. Parisian, Director
OIEP/Office of the Director
1849 C Street NW/Ms - 3512 MID
Washington, DC 20240-0001

United States Department of the Interior
Honorable David Anderson
Assistant Secretary - Indian Affairs
1849 C Street, NW
Washington, DC 20240