UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re:<br><br>SI TANKA UNIVERSITY<br>Tax I.D. No. 46-0351565<br><br>　　　　Debtor. | Bankr. No. 05-30027<br>Chapter 11 |
| SI TANKA UNIVERSITY<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>UNITES STATES DEPARTMENT<br>OF THE INTERIOR,<br>Bureau of Indian Affairs<br><br>　　　　Defendant. | Adv. No. 05-3006<br><br><br><br>DECISION RE:<br>DEFENDANT'S MOTION TO<br>DISMISS AMENDED COMPLAINT |

The matter before the Court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant United States Department of the Interior and Plaintiff-Debtor's objection thereto. Resolution of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). This Decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Plaintiff-Debtor's Amended Complaint will be dismissed to the extent it seeks a determination of its eligibility for funding under the Tribal Controlled College or University Assistance Act of 1978, as amended, for fiscal year 2006.

I.
SUMMARY.

Si Tanka University operated or had connections with college campuses in both Eagle Butte, South Dakota, and Huron, South

Dakota. The Huron campus was the subject of a foreclosure action in early 2005. Si Tanka University ("Debtor") filed for Chapter 11 relief on April 9, 2005. In response to a motion for relief from stay and abandonment filed by the creditors involved in the Huron campus foreclosure action, Debtor stated it operated only the Eagle Butte campus and a separate entity operated the Huron campus. Debtor continues to contend each campus was a separate legal entity. To date, there has been no known judicial determination regarding the exact legal or equitable relationship between the two. Debtor has not filed a plan and disclosure statement. The exclusivity period for Debtor to file its plan expired on October 14, 2005.

Before filing bankruptcy, Debtor[1] applied for, but did not receive from the United States Department of Interior, Bureau of Indian Affairs ("BIA"), funding for fiscal year (FY) 2005 [school year 2004-2005] from the Tribally Controlled College or University Assistance Act, also known as Public Law 95-471 ("PL 95-471").[2]

Debtor contends there was final agency action on its FY 2005 request on March 24, 2005, when the Associate Secretary of the Interior wrote Debtor a letter stating Debtor did not qualify for

---

[1] The Court uses "Debtor" here loosely. Not having reviewed the application, the Court is unsure of the applicant's exact name and whether the application encompassed one or both campuses.

[2] Within the Department of Interior, the Office of Indian Education Programs administers the 95-471 funds. Grants from that Office are disbursed through the Bureau of Indian Affairs.

471 funding and advising Debtor to prepare for school year 2005-2006. At least for the purposes of this Motion, the BIA appears to have conceded the March 24, 2005, letter was the agency's final action regarding FY 2005 funding.[3] *See* 25 C.F.R. § 41.11.

On July 8, 2005, Debtor commenced an adversary proceeding against the BIA. The relief sought was a declaration that Debtor was eligible for PL 95-471 funding ("471 funds"). Debtor contends the BIA denied it the 471 funds because the BIA did not recognize the Huron and Eagle Butte campuses as separate entities, and as a result of considering the campuses together, the single university entity had more white students than Indian students, which was contrary to one of the funding requirements.

After several delays and intervening pleadings in which the BIA raised some jurisdictional issues, Debtor filed an Amended Complaint for Declaratory Relief on September 9, 2005. Therein, Debtor argued the matter was a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (L), (M), and (O), or alternatively was a related matter under 28 U.S.C. § 157(a)[4]; subject matter jurisdiction was conferred by the Declaratory Judgment Act at

---

[3] In the affidavit of Dr. Edward F. Parisian, Director of the Office of Indian Education Programs, filed in support of the BIA's response to Debtor's motion to amend their complaint, Dr. Parisian contended final agency action had been taken November 12, 2004. The response and affidavit were considered a part of the BIA's dismissal motion, as discussed in the Court's August 31, letter decision on Debtor's motion to amend its complaint.

[4] Related matters are also governed by 28 U.S.C. § 157(c).

-3-

28 U.S.C. § 2201 and 11 U.S.C. §§ 105, 106, 541, 542, and 1141; and the BIA's sovereign immunity had been waived by application of 11 U.S.C. § 106 with respect to 11 U.S.C. §§ 105, 542, and 1141. Debtor essentially argued the 471 funds were property of the bankruptcy estate and Debtor's ability to use these funds would affect the confirmation of a plan and the administration of the case.

The BIA moved to dismiss Debtor's Amended Complaint under Fed.R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, including Debtor's failure to exhaust administrative remedies, lack of standing, and no waiver of sovereign immunity by the government. When ruling on the matter, the BIA urged the Court to separate Debtor's request for FY 2005 funding from FY 2006 funding since Debtor had not applied for FY 2006 funding at the time the Amended Complaint was filed. The BIA also moved to dismiss under Fed.Rs.Bankr.P. 7004 and 7012(b) and Fed.Rs.Civ.P. 4(m) and 12(b)(5), arguing the Attorney General had not been appropriately served with the Amended Complaint.

Debtor objected to the BIA's dismissal motion through a brief, and the BIA filed a reply brief. In its reply brief, the BIA abandoned its earlier contention Debtor was actually seeking monetary damages, rather than just declaratory relief.

## II.
### JURISDICTION.

To sue the BIA, as an agency of the United States, Debtor must

show both the United States has waived its sovereign immunity and subject matter jurisdiction exists. *Taylor v. United States*, 248 F.3d 736, 737 (8th Cir. 2001).

*Waiver of Sovereign Immunity.*

Whether the federal government has waived its sovereign immunity is strictly construed, as to its scope, in favor of the sovereign. *Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003). However, once the government has expressly consented to be sued and the scope of that waiver has been defined, "the waiver of immunity is liberally construed within the parameters of the consent." *Id.* (citing *United States v. Shaw*, 309 U.S. 495, 500-501 (1940)).

Debtor contended the BIA's sovereign immunity has been waived under 11 U.S.C. § 106(a). In particular, Debtor relied on references in § 106(a)(1) to 11 U.S.C. § 105, 541, 542, and 1141. Debtor's Amended Complaint, however, does not involve the application of any of these Code sections. Foremost, Debtor's eligibility for 471 funds is not a turnover issue under § 542. Debtor did not hold an interest in any funds on the petition date that were in the BIA's possession. The bankruptcy estate asset that existed on the petition date was Debtor's right to pursue whatever remedies it had under federal rule or statute following the BIA's determination of ineligibility for the 471 funds. *See Bohm v. The Horsley Co. (In re Groggel)*, 333 B.R. 261, 268 (Bankr.

S.D. Pa. 2005)(an action to recover property to which title is disputed is not a true turnover action under § 542(a) and 28 U.S.C. § 157(b)(2)(E)).  Similarly, Debtor has failed to show there are any "effect of confirmation issues" presented under § 1141 in its suit for declaratory relief.  No substantive rights exist independently under § 105 on which Debtor could rely for bringing its complaint.  *Taylor v. United States (In re Taylor)*, 263 B.R. 139, 151 (Bankr. N.D. Ala. 2001).  Instead, § 105(a) exists to ensure the Court can carry out the provisions of the Bankruptcy Code, none of which are at issue in Debtor's Amended Complaint.  *FSQ, Inc. v. Integrated Health Services, Inc. (In re Integrated Health Services, Inc.)*, 303 B.R. 577, 583 (Bankr. D. Del. 2003).  Finally, § 541 is not referenced in § 106(a)(1).

Likewise, Debtor cannot rely on 28 U.S.C. §§ 157 or 1334 as abrogations of sovereign immunity.  *In re Shared Savings Contracts, Inc.*, 288 B.R. 827, 830 (Bankr. E.D. Mo. 2001).  These statutes confer general jurisdiction on the District Court to hear and refer cases arising under the Bankruptcy Code but are not a clear Congressional consent to allow specific suits against the United States and its governmental units.  *Id.* (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37-38 (1992).

In its reply brief, the BIA essentially conceded the Administrative Procedures Act, 5 U.S.C. §§ 702-706 ("APA"), provides the necessary waiver of sovereign immunity - had Debtor

pled it as such. Accordingly, Debtor will again need to amend its complaint as helpfully outlined by the BIA on pages 5 and 6 of its reply brief. Though the road to this juncture has been long, allowing Debtor to again amend its complaint is appropriate, Fed.R.Bankr.P. 7015 and Fed.R.Bankr.P. 15(a); *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005), especially where delay is the only apparent consequence of Debtor's failure to plead correctly the first two times. *Id.* at 1065 (cites therein).

*Subject Matter Jurisdiction.*

> For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). If the complaint is challenged on its face, the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* If the defendant makes a factual challenge to subject matter jurisdiction, the court may consider matters outside the pleadings such as affidavits and deposition testimony in order to determine the factual dispute. *Id.*; *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The plaintiff has the burden of proof that jurisdiction does in fact exist. *Osborn*, 918 F.2d at 730.

*FL Receivables Trust 2002-A v. Gilbertson Restaurants L.L.C. (In re Gilbertson Restaurants L.L.C.)*, 2004 WL 2357985, slip op. at 2 (Bankr. N.D. Iowa Oct. 12, 2004).

Debtor contends its complaint for declaratory relief is authorized by 28 U.S.C. § 2201, the Declaratory Judgment Act, and

is a core proceeding under Title 11. While this Court may provide declaratory relief under § 2201, this federal code section does not provide an independent basis for federal jurisdiction. *Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992).

Debtor's reliance on 11 U.S.C. § 108(a) to create jurisdiction for this Court is also misplaced. First, Debtor has not convinced the Court that § 108(a) extended for two years any deadline for Debtor to appeal the BIA's decision regarding Debtor's eligibility for 471 funds. *See, e.g., Bunch v. Hoffinger Industries, Inc. (In re Hoffinger Industries, Inc.)*, 329 F.3d 948, 952 (8th Cir. 2003)(§ 108(c) could be relied upon by a Chapter 11 debtor-in-possession to extend the time for filing a notice of appeal from a state court judgment entered against the debtor as the defendant where the state court action was stayed under § 362(a)(1)); *Tax 58 V. Froehle (In re Froehle)*, 286 B.R. 94, 99-100 (B.A.P. 8th Cir. 2002)(§ 108(b) applied to a debtor's right of redemption that existed on the petition date); and *CGE Shattuck LLC v. Town of Jaffrey (In re CGE Shattuck LLC)*, 272 B.R. 514, 518-19 (Bankr. D.N.H. 2001)(§ 108(a) does not apply to an appeal from a decision of a lower federal court).[5] Most important, even if §§ 108(a) or

---

[5] Assuming, as Debtor has argued, the agency's final action was on March 24, 2005, and the thirty-day appeal period had not run when Debtor filed its Chapter 11 petition on April 9, 2005, the sixty-day appeal extension given Debtor under § 108(b)(2) expired June 8, 2005. The BIA, however, did not move to dismiss on these

108(b) broadened Debtor's appeal time, those subsections did not create subject matter jurisdiction for this Court to declare whether Debtor was eligible to receive 471 funds. Those subsections of § 108 only gave Debtor an extended opportunity to utilize any existing appeal or review process.

In its Amended Complaint, Debtor also relied on 28 U.S.C. § 157(b) for subject matter jurisdiction. The BIA, in its reply brief, conceded this U.S. Code section provides the necessary jurisdiction *if* the Court concluded Debtor had shown this adversary proceeding was "related to" Debtor's Title 11 case.

In this Circuit, core proceedings under 28 U.S.C. § 157(b)(2) are "those which arise only in bankruptcy or involve a right created by federal bankruptcy law." *Specialty Mills, Inc. v. Citizens Bank*, 51 F.3d 770, 773 (8th Cir. 1995); *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001). Clearly, Debtor's eligibility for 471 funds is not a right that arises only in bankruptcy, and Debtor's receipt of funds does not involve a right created by the Bankruptcy Code. Accordingly, it is not a core proceeding.

Non-core, related proceedings in this Circuit are "those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy[.]." *Specialty Mills*,

---

grounds, and the parties did not brief the application of § 108(b). Accordingly, no ruling is made at this time on the application or effect of §§ 108(b)(1) or (2).

51 F.3d at 773-74. This is a broad definition. *Arnold v. First Greensboro Home Equity, Inc.*, 327 F.Supp. 2d. 1022, 1031 (E.D. Mo. 2004). For the Bankruptcy Court to have subject matter jurisdiction over a related proceeding, "there must be some nexus between the civil proceeding and the Title 11 case[,]" and "the proceeding must "'have some effect on the administration of the debtor's estate.'"" *Specialty Mills*, 51 F.3d at 774 (quoting *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990), quoting *In re Dogpatach U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987)(quoting *Zweygardt v. Colorado National Bank*, 52 B.R. 229, 233 (Bankr. D. Colo. 1985))). When faced with a determination of whether a civil proceeding is related to a bankruptcy case, the Eighth Circuit has adopted the "conceivable effect" test espoused by the Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). *National City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986); *Williams*, 256 B.R. at 891. The question to be asked is whether the outcome of the proceeding could conceivably have any effect on the administration of the bankruptcy estate. *Specialty Mills*, 51 F.3d at 774 (cited with approval in *Integrated Health Services of Cliff Manor, Inc., v. THCI Co., L.L.C.*, 417 F.3d 953, 957-58 (8th Cir. 2005)). If the outcome of an action will alter the debtor's rights, liabilities, options, or freedom of action and that alteration will impact the administration of the estate, the action

is a related proceeding. *Specialty Mills,* 51 F.3d at 774 (cites therein).

Debtor's eligibility for 471 funds conceivably could have an effect on the administration if its bankruptcy estate. Thus, this Court has subject matter jurisdiction over this adversary proceeding as a non core, related proceeding, 28 U.S.C. §§ 157(a) and (c), except as qualified below.

### III.
#### RIPENESS.

A matter is not ripe for adjudication if deciding the matter would resolve speculative or indeterminate factual issues. *Bender v. Education Credit Management Corp. (In re Bender),* 368 F.3d 846, 847-48 (8th Cir. 2004). This rule applies to declaratory judgment actions. *Public Water Supply Dist. 8 of Clay County, Mo. v. City of Kearney, Mo.,* 401 F.3d 930, 932 (8th Cir. 2005); *Gilbertson Restaurants,* 2004 WL 2357985, slip op. at 3 (Bankr. N.D. Iowa Oct. 12, 2004).

Here, Debtor applied for 471 funds for FY 2006 after this adversary proceeding was commenced, and even after it filed its Amended Complaint. By doing so, Debtor has placed the issue in the BIA's hands. *Public Water Supply Dist. 8,* 401 F.3d at 932 (whether a case is ripe depends on the state of the matter at the time of review, not the time of filing). We do not know whether the funding will be provided for FY 2006 and if it is not, why not. Therefore, Debtor is not facing an injury that is "certainly

impending," especially where Debtor's circumstances involving the Huron campus have self-admittedly changed since Debtor sought FY 2005 funding and where Debtor has not sufficiently demonstrated that its eligibility for FY 2006 funding is somehow dependent on its FY 2005 eligibility. *Id.* at 932 (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553 (1923), and *South Dakota Mining Ass'n, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998)). Were it to rule now regarding 471 funding for FY 2006, the Court would be giving only an impermissible advisory opinion, and it would be inappropriately and prematurely interfering with an administrative proceeding in which a decision has not yet been formalized and no party has suffered a concrete injury. *McCarthy v. Ozark School Dist.*, 359 F.3d 1029, 1037 (8th Cir. 2004)(citation omitted). Accordingly, as to Debtor's eligibility for FY 2006 471 funding, the matter is not ripe for this Court to adjudicate.

Resolution of Debtor's eligibility for FY 2005, however, appears ripe for determination, especially when in its reply brief, the BIA conceded, citing *Darby v. Cisneros*, 509 U.S. 137 (1993), administrative exhaustion regarding Debtor's FY 2005 funding request was not a prerequisite for judicial review *if* this Court concluded 25 C.F.R. § 41.11 does not expressly require exhaustion.

Section 41.11(c) provides:

> A Community College shall have the right to appeal any adverse decision of the Director of Education under a grant agreement to the Assistant Secretary by filing written notice of appeal with the Assistant Secretary

> within thirty (30) days after the adverse decision. Within thirty (30) days after receiving notice of appeal, the Assistant Secretary shall conduct a formal hearing at which time the College may present evidence and argument to support its appeal. Within thirty (30) days of the hearing, the Assistant Secretary shall issue a written ruling on the appeal confirmation, modifying, or reversing the Director of Education's decision, the Assistant Secretary shall state in detail the basis for his/her ruling. The ruling of the Assistant Secretary on an appeal shall be final for the Department of Interior.

As discussed in *Darby*, since this provision does not require an appeal, then an exhaustion requirement cannot be imposed by the Court regarding its judicial review. *Darby*, 509 U.S. at 153.

This Court has jurisdiction to review the agency's decision as to FY 2005 funding, however, only as a related, non-core proceeding.[6] Therefore, the Court will have to present proposed findings and conclusions to the District Court unless the parties obtain an order from the District Court under § 157(c)(2). The Court will leave it to the parties to decide whether to make that joint request.

IV.
SERVICE OF AMENDED COMPLAINT.

The BIA also moved to dismiss Debtor's Amended Complaint under Fed.Rs.Civ.P. 4(m) and 12(b)(5) and Fed.R.Bankr.P. 7012(b) because Debtor did not serve its Amended Complaint and a summons on the attorney general. Since the Amended Complaint was a "pleading

---

[6] The BIA in its reply brief indicated it intends to raise in a summary judgment motion Debtor's alleged failure to exhaust its administrative remedies regarding issues not previously raised with the Department of Interior.

-13-

subsequent to the original complaint," Fed.Rs.Civ.P. 5(a) and 5(b)(1) and (b)(2)(D) required only that the Amended Complaint be served on the BIA's counsel of record. That service was made. The BIA was not in default at the time. Fed.R.Civ.P. 5(a) [regarding service on parties in default]. Moreover, the BIA has not shown service of an amended complaint on the government in particular is excepted from Rule 5 or identified another rule that would preclude application of Rule 5(a) and (b)(1) under the circumstances presented here. Accordingly, dismissal under Rule 4 and 12(b)(5) for improper service of the Amended Complaint is denied. *See Williams v. Clinch County, Georgia*, 231 F.R.D. 700, 701 (M.D. Ga. 2005) (citing *Cohn v. Columbia Pictures Corp.* 9 F.R.D. 204, 205 (S.D.N.Y. 1949)); *Wright v. Durham County Sheriff Hill*, 2005 WL 1475417, slip op. at 2 (M.D.N.C. June 21, 2005); and *Ortmayer v. Union Bank of California, N.A.*, 2005 WL 433703, slip op. at 3 (D. Ore. Feb. 24, 2005).

An appropriate order will be entered.

So ordered this 27th day of January, 2006.

BY THE COURT:

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JAN 27 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 27 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Si Tanka University
PO Box 220
Eagle Butte, SD 57625

United States Department of the Interior
Bureau of Indian Affairs
Attn: Edward F. Parisian, Director
OIEP/Office of the Director
1849 C Street NW/Ms - 3512 MID
Washington, DC 20240-0001